IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **DON L WITT**, | ] |
| | ] |
|     **Plaintiff,** | ] |
| | ] |
| v. | ]    4:12-cv-02157-KOB |
| | ] |
| **METROPOLITAN LIFE INSURANCE** | ] |
| **CO, ET AL.,** | ] |
| | ] |
|     **Defendants.** | ] |

### MEMORANDUM OPINION

This ERISA case is before the court on "Defendants' Motion for Judgment as a Matter of Law" (doc. 19) and "Plaintiff's Brief in Support of Judgment on the Record" (doc. 21). Plaintiff Don L. Witt filed suit against Defendants Metropolitan Life Insurance Company ("MetLife") and Shell Long Term Disability Plan ("Plan") seeking recovery of past, present, and future benefits under the Plan. Although Plaintiff does not call his "Brief" (doc. 21) a "motion," the court will consider it to be a motion for judgment on the record because the Plaintiff requests that the court reverse the termination of his disability benefits. These cross motions have received thorough briefing. For the reasons stated in this Memorandum Opinion, the court DENIES Plaintiff's motion for judgment in his favor and GRANTS Defendants' motion for judgment.

**I.    BACKGROUND**

Plaintiff Don L. Witt worked as a Senior Operations Specialist with Shell Oil Company from May 18, 1972 until December 29, 1994. (Doc. 12-7, pg. 216). In connection with his employment with Shell Oil Company, Mr. Witt gained access to a short-term and long-term

disability insurance policy. (Doc. 12-5). On January 3, 1997, Mr. Witt made his initial claim of long-term disability based on anterior cervical fusion, herniated lumbar disc, secondary asbestosis, coronary artery disease, and hypertension. (Doc. 12-6, pgs. 102, 106). Although the claim was late, MetLife approved the claim and granted Mr. Witt retroactive benefits back to December 29, 1995. (Doc. 12-6, pg. 123). The Notice of Approval Mr. Witt received, dated March 7, 1997, indicated the amount of the monthly payments he would receive for the rest of his life, "providing reductions remain as listed above, and you remain totally disabled as defined in your group plan . . ." (Doc. 12-9, pg. 472).

  MetLife continued to provide benefits to Mr. Witt through April 30, 1997, but the record shows that in a May 22, 1997 letter, MetLife terminated his benefits effective May 1, 1997 because he had failed to provide adequate medical records to sustain his claim. (Doc. 12-6, pg. 111). Although the May 22, 1997 letter is documented in MetLife's claim activity, an actual copy of the letter is not part of the record and Mr. Witt denies ever receiving such a letter. (Doc. 21, pg. 6). Under the Plan, Mr. Witt had 60 days to request a review of his claim termination. (Doc. 12-5, pg. 86).

  No record exists of any challenge by Mr. Witt of the termination or any inquiry by him as to why Mr. Witt was no longer receiving benefits until May 29, *2009*. On that date, over twelve years after the termination of benefits, Mr. Witt's counsel in the current action—Josh Sullivan—contacted MetLife asking about the status of Mr. Witt's claim and stating that Mr. Witt had received an approval letter but no payment. (Doc. 12-6, pg. 112-13). Representatives of MetLife told Mr. Sullivan that once he submitted a letter of representation and a copy of the approval letter, they would retrieve the archived file and review it. (Doc. 12-6, pg. 114). Despite

further inquiries from MetLife, Plaintiff and his counsel did not send the requested information until December 31, 2009. (Doc. 12-6, pg. 114-22). At that point, MetLife reviewed Mr. Witt's file and, on January 26, 2010, informed him that although his claim had initially been approved, it had been terminated "effective May 1, 1997 for failure to provide proof of continued [d]isability." Representatives from MetLife told Mr. Sullivan that "[i]f you wish your clients [sic] claim to be reviewed for [b]enefits beyond May 1, 1997 we require supporting medical documentation" and gave him details about the type of documentation required. (Doc. 12-6, pg. 124-25).

On February 17, *2011*, Mr. Witt and his counsel submitted additional medical documentation to MetLife, noting that "[d]ue to the long time period, it has taken some time to gather some of this documentation." (Doc. 12-15, pg. 1046-47). Upon receipt of this documentation, MetLife reviewed the merits of the claim to determine whether the medical documentation supported a continued disability from May 1, 1997 through the current date at the time. (Doc. 12-6, pg. 128). During the course of this review, the claim was referred to MetLife's legal department, which noted that "[a]ppeal request 14 yrs later is outside of ERISA timeframe" but decided "to allow submission of medical since 1997 to present for review, since claim had been terminated for [failure to support]." (Doc. 12-6, pgs. 137, 140-41).

On March 21, 2011, MetLife notified Mr. Witt and his counsel that after a review of the medical information provided, the claim would remain terminated. The letter, which outlined the reasons MetLIfe found Mr. Witt's claim deficient, informed Mr. Sullivan and Mr. Witt how to proceed with an appeal of the determination within 180 days of receipt of the letter. (Doc. 12-15, pgs. 1041-44). On September 16, 2011, Mr. Sullivan advised MetLife that Mr. Witt was

appealing the March 21, 2011 denial of his claim and requested an extension of time to gather additional documentation. (Doc. 12-15, pg. 1024). MetLife granted this extension request, along with several other extension requests during the fall of 2011. (Doc. 12-15, pgs. 1017, 1009). On November 15, 2011, Mr. Sullivan submitted a letter and additional documentation to support Mr. Witt's appeal. (Doc. 12-15, pgs. 111-14).

On May 4, 2012, after additional review of Mr. Witt's claim, which included inquiries into Mr. Witt's job description and Social Security benefits, contact with his doctors, and requests for additional information (doc. 12-6, pgs. 163-204), MetLife notified Mr. Sullivan that it was "upholding the termination of Mr. Witt's claim" because "he has not demonstrated that beyond April 30, 1997 and thereafter, that [he] was unable to perform his own job or any job due to illness or injury." After thoroughly explaining the reasons for rejecting Mr. Witt's claim, MetLife concluded the letter by stating: "You have exhausted your client's administrative remedies under the plan, and no further appeal will be considered." (Doc. 12-7, pgs. 215-22). Mr. Witt filed this action on June 13, 2012. (Doc. 1).

## II.   DISCUSSION

The court must first address the preliminary—but outcome determinative—issue in this case: whether the suit is time-barred. Defendants argue that Mr. Witt missed two key deadlines, both of which make this suit untimely. First, he failed to submit a written request for review within 60 days of the original termination, as required under the Plan. Second, he did not file suit within the six-year statute of limitations used in the state of Alabama for ERISA claims. (Doc. 20, pg. 20). Mr. Witt counters by arguing that Defendants have waived any timeliness argument they may have had by failing to assert it during the administrative proceedings, and that this

appeal is timely because Mr. Witt filed it June 13, 2012, only 40 days after the "final" determination on May 4, 2012. (Doc. 21, pg. 30).

The only law either of the parties have cited on this issue that comes from the Eleventh Circuit is *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347 (11th Cir. 1998). In *Blue Cross*, the Eleventh Circuit noted that "[i]n an ERISA action with no congressionally mandated limitations period, the district court 'must define the essential nature of the ERISA action and apply the forum state's statute of limitations for the most closely analogous action.'" *Id*. at 1356 (quoting *Byrd v. MacPapers*, 961 F.2d 157, 159 (11th Cir. 1992)). The Court held that a fiduciary's action to enforce a reimbursement provision under ERISA is most closely analogous to a simple contract action under Alabama law, with a six-year statute of limitations. *Id*. at 1357.

Although this case is not a fiduciary reimbursement action, another Eleventh Circuit case has applied the similar Georgia statute of limitations for breach of contract—also for six years—to an employee's action seeking to enforce an ERISA plan. *Harrison v. Digital Health Plan*, 183 F.3d 1235, 1241 (11th Cir. 1999). Based on this case law, and Mr. Witt's failure to dispute the six-year statute as the applicable statute of limitations in this case, the court will apply Alabama's six-year statute for breach of contract to this ERISA action.

In applying a breach of contract statute of limitations to an ERISA case, the Eleventh Circuit has held that "a cause of action accrues when the plaintiff knew or should have known of the injury." *Warren v. Schwerman*, 155 F. App'x 416, 419 (11th Cir. 2005) (citing *Bowling v. Founders Title Co.*, 773 F.2d 1175, 1178 (11th Cir. 1985)). Even if Mr. Witt never received the May 22, 1997 termination letter, he should have known about his termination when he realized

he was no longer receiving the money that MetLife had been paying to him on a monthly basis. The court finds that the six-year statute began to run by June 1997 at the latest; therefore, Mr. Witt filed his suit long after the statute had run—and many years after the 60 day time period under the Plan.

The court must now decide whether Defendants waived their ability to challenge the timeliness of the appeal by proceeding to review the case on its merits. Neither party cites, and the court cannot find, any applicable Eleventh Circuit law on this topic. Both parties, however, cite law from other circuits, which the court will review briefly as persuasive, but not controlling, authority.

Mr. Witt cites a Second Circuit Case, *O'Hara v. National Union Fire Insurance Co. of Pittsburgh, PA*, which summarizes the lower court's conclusion that "because [the Defendant] 'never objected to the timeliness of [Plaintiff's] claim, or suggested anywhere that her notice of claim had not be filed 'as soon as [was] reasonably possible' in light of the nature and progression of [Plaintiff's] disability,' it has waived that defense." 642 F.3d 110, 115 (2d Cir. 2011) (*citing O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 697 F.Supp.2d 474 (W.D.N.Y. 2010)). The Second Circuit opinion did not actually address whether the district court's conclusion on this matter was correct, but simply noted the ruling.

Mr. Witt also cites the opinion of a district court within the Second Circuit. In *Haisley v. Sedgwick Claims Management Services, Inc.*, the court found that "[h]aving declined to invoke the ninety-day limitations period as a basis for denying [the plaintiff's] LTD claim during the course of administrative proceedings, [the Defendants] cannot turn around and rely on it as a basis for defeating [the plaintiff's] claims under the ERISA." 776 F. Supp. 2d 33, 48 (W.D. Penn.

2011).

Finally, Mr. Witt cites other law and cases that do not directly address the waiver issue, but require that an ERISA notice of denial communicate the specific reasons for the denial. *See* 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(g)(1); *Reich v. Ladish Co.*, 306 F.3d 519, 524 n. 1 (7th Cir. 2002); *Haplin v. W.W. Grainger, Inc.*, 962 F.2d 685, 688-90 (7th Cir. 1992); *Haisley*, 776 F. Supp. 2d at 53; *Zuckerman v. United of Omaha Life Ins. Co.*, 2011 WL 2173623, at *3-4 (N.D. Ill. 2011). According to Mr. Witt, because MetLife did not list "untimeliness" as a reason for denial in the March 21, 2011 notice or the May 4, 2012 notice, it is precluded from now asserting such a defense.

Defendants cite *Stafford v. E.I. Dupont De Nemours* for the proposition that the reopening of a case does not prevent a defendant from asserting a timeliness defense. 27 F. App'x 137 (3rd Cir. 2002). In *Stafford*, the plaintiff employee requested an additional review of his ERISA claim approximately two-and-a-half years after the conclusion of his appeal of the original denial of his application. The ERISA plan administrator accepted and reviewed new medical records, but ultimately determined that it would not reopen his application. The plaintiff argued that because the plan administrator's procedure "allows employees to attempt to reopen their cases, his administrative remedies were never exhausted and the statute of limitations [had] not begun to run." *Id*. at 140.

The court addressed this argument, stating

> [Plaintiff]'s position defies all logic. If this Court adopted [Plaintiff]'s theory, there would never be repose for an employer that procedurally allows for the reopening of a case. A decade-old finding of non-disability could then be judicially challenged simply by a plaintiff seeking to reopen the administrative process. Allowing this would in turn create incentives for an employer not to

7

> allow any reopening of the administrative process, lest it face a perpetual risk of litigation. . . . ERISA does not demand that an employer allow for reopening of closed cases. In providing such a procedure, [the plan administrator] acts benevolently, and we do not intend to discourage such benevolence.

*Id*. Defendants also cited a number of other cases that reach similar conclusions. *See Mason v. Aetna Life Ins. Co.*, 901 F.2d 662 (8th Cir. 1990) (affirming the district court's decision that "informal reexamination is to be encouraged and will not renew a claimant's cause of action for statute of limitations purposes"); *Engleson v. Unum Life Ins. Co. of America*, 723 F.3d 611 (6th Cir. 2013) (finding that "neither the law nor principles of equity allow us to excuse the tardiness" of an ERISA suit filed over eight years after the claim was denied); *Martin v. Constr. Laborer's Pension Trust*, 947 F.2d 1381, 1386-87 (9th Cir. 1991) (holding that a 1987 hearing on new evidence regarding plaintiff's alleged disability "did not alter the Appeals Committee's 1982 repudiation of [the plaintiff]'s claim").

Finally, Defendants also briefly address Mr. Witt's argument that an ERISA notice of denial must communicate the specific reasons for the denial; they argue that "[a] statute of limitations defines when *litigation* must commence and, as such, need not be, and would not be, asserted outside of litigation, in a courtesy review." (Doc. 23, pg. 2).

In a situation such as this one, where no controlling authority exists and the parties have cited relevant persuasive authority to support both positions, the court must truly decide which outcome makes the most sense and will set the best precedent for future decisions. Ultimately, the court finds the cases cited by Mr. Witt unpersuasive and determines that the ruling of the Third Circuit in *Stafford*—also supported by rulings of the Sixth and Ninth Circuits—should be the law in this situation.

The circumstances addressed in Mr. Witt's cases, *O'Hara* and *Haisley*, both involved an employee who had sought ERISA benefits outside of the window for claims that were specified in the plans—twenty days and ninety days, respectively. They did not involve the appeal of a determination outside of a six-year statute of limitations.

The court finds that it stretches credulity in this case for Mr. Witt to argue that a plaintiff who allows his claim to lie dormant for twelve years and is in no rush to provide the needed documentation when he finally gets around to reasserting his claim, should be able to accuse the defendants of waiving their statute of limitations defense by reviewing the medical documentation that he finally provides nearly fourteen years later. Even if the court were inclined to allow such an outcome, it would refrain from doing so based on the negative incentives such a decision would provide for ERISA plan administrators.

As the Second Circuit explained in *Stafford*, allowing plan administrators the flexibility to voluntarily review an otherwise time-barred claim can only result in *more* deserving people receiving disability benefits. If courts were to hold that the provision of any extra review would prevent plan administrators from invoking the statute of limitations, then plan administrators would be forced to invoke a strict policy of no review outside of the strict time periods provided by the plan. Not only would such a policy disadvantage employees suffering from disabilities, but it would likely create needless litigation over disputes that could otherwise be resolved outside of court.

Mr. Witt's final argument that the court needs to address here is that the statute of limitations did not begin to run until MetLife made its final determination on May 4, 2012. Although this is technically a different argument from Mr. Witt's claim that the 2009-2012

review *waived* Defendants' timeliness defense, Mr. Witt did not provide any additional support for the theory that the statute of limitations was restarted in 2012 other than his waiver arguments. Therefore, the court will reject both arguments for the same reasons. If the court were to find that any "courtesy" review—regardless whether it is termed as such—starts the running of a whole new statute of limitations period, plan administrators would never allow for any untimely review and it would be disabled individuals who would suffer as a result.

As such, Mr. Witt's claim is barred by the six-year statute of limitations applied to ERISA under Alabama law. Judgment is due in favor of the Defendants and the court will not proceed to evaluate any of the parties substantive arguments as to Mr. Witt's disability claims.

### III.   CONCLUSION

For these reasons, the court DENIES Plaintiff's motion for judgment in his favor and GRANTS Defendants' motion for judgment. The court ENTERS JUDGMENT in favor of the Defendants.

DONE and ORDERED this 25th day of February, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE